**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4790

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREG SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (CR-02-215)

Submitted:  December 10, 2004       Decided:  December 20, 2004

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph O. Gregory, Sr., LAW OFFICES OF RANDOLPH O. GREGORY, SR., Baltimore, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, Michael R. Pauze, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Greg Smith was convicted by a jury of conspiracy to commit bank robbery, armed bank robbery, and use of a firearm during a crime of violence. On appeal, Smith, through counsel, raises two issues. For the reasons that follow, we affirm.

First, Smith alleges that his June 5, 2002, statement given to FBI agents should have been suppressed because it was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Reviewing the evidence as required, we find no reversible error.

Second, Smith alleges that the district court should have granted his motion for production of FBI agents' notes from a September 26, 2002, interview with Smith that were used to prepare an FBI Form 302 Report. While a defendant is entitled to disclosure of the substance of any of his oral statements the government intends to use at trial, the government need not disclose "rough notes" of the defendant's interview that are later incorporated into final 302 Reports when the notes are not

inconsistent with the 302 Report.  See <u>United States v. Brown</u>, 303 F.3d 582, 590-91 (5th Cir. 2002); <u>United States v. Muhammad</u>, 120 F.3d 688, 699 (7th Cir. 1997); <u>cf.</u> <u>United States v. Hinton</u>, 719 F.2d 711 (4th Cir. 1983).  Because the district court conducted an in camera review of the notes and the 302 Reports and found no inconsistencies, the court did not err by denying the motion for production of the notes.

Because Smith's claims fail on appeal, we affirm his convictions.  We also deny Smith's motion for reconsideration of the denial of his motion for leave to file a supplemental pro se brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>